UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANA C. HOWARD,　　Plaintiff,　　v.　　MORGAN STANLEY,　　Defendant. | Case No. 06-cv-995-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on defendant Morgan Stanley's motion to compel arbitration (Doc. 6). Plaintiff Dana Howard has responded to defendant's motion (Doc. 13) and defendant has replied to the response (Doc. 15). For the following reasons, the Court will **GRANT** defendant's motion and stay this case pending completion of arbitration proceedings.

**I.    Background**

Plaintiff filed this breach of contract action in the Circuit Court, Twenty-Second Judicial Circuit, St. Clair County, Illinois on October 20, 2006. Plaintiff claims his former employer, Morgan Stanley, breached its obligations under his employment agreement (Agreement) when it "failed to fully compensate him in accordance with its agreements to share in the fees and commissions from investment business Plaintiff procured for the Defendant." (Compl. at 2). Defendant removed this case to federal court on December 5, 2006 and, on December 22, 2006, it moved the Court to compel arbitration.

Morgan Stanley claims that the Agreement and plaintiff's registration with several securities exchanges – using the securities industry's "Form U-4" – require him to arbitrate his claim. The Agreement contains the following provision on arbitration:

>Any controversy or claim arising out of or relating to this Agreement, or its breach, will be settled by arbitration before either the National Association of Securities Dealers, Inc. or the New York Stock Exchange, Inc., as Dean Witter may elect, in accordance with their respective rules, and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Employee agrees to stipulate, upon request by Dean Witter to expedited hearing procedures for such arbitration.

(Agrmt. ¶9).

>Plaintiff's Form U-4 provides as follows:

>I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs [Self Regulatory Organizations] indicated in Item 11 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

(U-4 at 10, ¶5). Two of the SRO's plaintiff indicated in his Form U-4 are NASD and NYSE, both of which require registered individuals to arbitrate employment disputes.

Plaintiff claims Morgan Stanley waived its right to compel arbitration "due to its overall lack of responsiveness, its failure to request arbitration when made aware of the dispute and its failure to fulfill its commitment to provide certain documents and responses to Plaintiff's counsel including any agreement which would require arbitration of this dispute." (P.'s Mem. Opp. Def. Mtn. Dism. at 2). Plaintiff also claims that the arbitration provisions upon which Morgan Stanley relies are unconscionable.

## II.     Analysis

The issue presented in Morgan Stanley's motion is the arbitrability of its dispute with the plaintiff. The parties dispute whether the arbitration provisions in the relevant documents are enforceable, but agree that the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, applies if they are. The FAA "is a congressional declaration of a liberal federal policy favoring arbitration

agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *accord Perry v. Thomas*, 482 U.S. 483, 488 (1987). The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable. . . ." 9 U.S.C. § 2; *see Buckeye Check Cashing, Inc. v. Cardegna*, 126 S. Ct. 1204, 1207-08 (2006); *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53 (7th Cir. 1995). An arbitration clause must be enforced "unless the agreement to arbitrate is not part of a contract evidencing interstate commerce or is revocable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *Perry*, 482 U.S. at 489 (quoting 9 U.S.C. § 2). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone*, 460 U.S. at 24-25; *accord County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 823 (7th Cir. 2006).

    A.    **Waiver**

Plaintiff claims Morgan Stanley waived its right to arbitrate this dispute because its in-house counsel did not respond to repeated phone calls and emails and did not demand arbitration when it received notice of plaintiff's dissatisfaction.

A party may waive a contractual right to arbitrate implicitly by acting inconsistently with that right. *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756 (7th Cir. 2002). In determining whether a party has waived its right to arbitrate under a written

agreement, a court should examine the totality of the circumstances and give special emphasis to a party's diligence or lack thereof in seeking arbitration. *Id.* (citing *Cabinetree of Wisc., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995)).

In this case, Morgan Stanley did not initiate the litigation. Once plaintiff filed suit, it timely removed the action to this Court and moved to compel arbitration almost immediately after it removed the case. Clearly, Morgan Stanley's post-litigation conduct does not signify an intention not to arbitrate this dispute. The same is also true of its pre-litigation conduct. Plaintiff has not offered any support for his contention that Morgan Stanley's failure to initiate arbitration amounted to a waiver of its right to compel arbitration once he initiated this action. As Morgan Stanley notes, the Seventh Circuit held in *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726-27 (7th Cir. 2004), that a defendant did not waive its right to arbitrate when it filed a motion to dismiss and let the litigation against it proceed for eighteen months before moving to compel arbitration. If the defendant's behavior in *Sharif* was not inconsistent with the right to arbitrate, Morgan Stanley's behavior in this case certainly was not either. Plaintiff has similarly failed to cite any case where a court has found that a defendant's failure to communicate with an individual's attorney regarding pre-litigation or pre-arbitration compromise constituted a waiver of the right to arbitrate. While not returning phone calls and emails is unprofessional and discourteous, without more, it is not inconsistent with an intention to exercise a right to arbitrate.

In support of his waiver claims, plaintiff relies primarily on *Liberty Chevrolet, Inc. v. Rainey*, 791 N.E.2d 625, 629 (Ill. App. Ct. 2d Dist. 2003). *Rainey* bears no factual relation to this case; it merely sets forth that in Illinois, "a court will find waiver where the party has acted so inconsistently with the assertion of its right as to demonstrate the abandonment of that right."

(finding that a plaintiff in a replevin action did not waive its right to arbitrate related consumer fraud counterclaims by filing the replevin action).  This case offers nothing meaningful here.

   **B.**   **Enforcement of the Arbitration Provisions**

Plaintiff claims the employment contract is a contract of adhesion and that the arbitration provisions in the Agreement and the Form U-4 are unenforceable.  Essentially, plaintiff argues he did not have the bargaining power to modify the terms of the contract – in his words, he either had to sign it or "look elsewhere for employment" – that the arbitration obligations in both the Agreement and Form U-4 are not reciprocal, and that the NASD arbitration system is unfair to individuals.

On its face, the arbitration provision in the Agreement is reciprocal: it specifically states, "Any controversy or claim arising out of or relating to this Agreement, or its breach, will be settled by arbitration before either the National Association of Securities Dealers, Inc. or the New York Stock Exchange, Inc." How the term "any" signifies anything but a bilateral arbitration obligation plaintiff does not really make clear.  Even if plaintiff's obligation to arbitrate under the Agreement were unilateral, so long as it was supported by consideration, the lack of mutuality would not, in itself, make it unenforceable.  This is borne out in the very case plaintiff cites for the converse proposition. *Bishop v. We Care Hair Dev. Corp.*, 738 N.E.2d 610, 622  (Ill. App. 1st Dist. 2000) (finding that "the proposition that an arbitration agreement is not mutually binding where one party reserves the option to raise and resolve the majority of disputes in a court rather than through arbitration" "cannot be reconciled with Illinois law," given that "mutuality of obligation is not essential if the requirement of consideration has been met"); *see also Oblix, Inc. v. Winiecki*, 374 F.3d 488, 491 (7th Cir. 2004).  Plaintiff's promises under the Agreement were clearly supported by consideration – Morgan Stanley's obligation to

5

pay him a salary. *Oblix, Inc.*, 374 F.3d at 490-91; *Michalski v. Circuit City Stores, Inc.*, 177 F.3d 634, 636-37 (7th Cir. 1999); *see also Carbajal v. H & R Block Tax Serv., Inc.*, 372 F.3d 903, 905-06 (7th Cir. 2004) ("Is enforcement of this clause unconscionable? How could it be? Arbitration is just a forum; people may choose freely which forum will resolve their dispute. This is so when the agreement concerns venue within a judicial system, and equally so when the agreement specifies a non-judicial forum.") (internal citations omitted) (collecting cases).

In *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 365-66 (7th Cir. 1999), the Seventh Circuit rejected plaintiff's remaining contentions. Reciting Illinois law on the enforcement of arbitration provisions, the Court said the following:

> Illinois law does not void contracts where parties have unequal bargaining power, even if a contract is a so-called 'take-it-or-leave-it' deal and consent to [the] agreement is secured because of hard bargaining positions or the pressure of financial circumstances. Rather, the conduct of the party obtaining the advantage must be shown to be tainted with some degree of fraud or wrongdoing in order to have an agreement invalidated . . . [T]he mere fact that a person enters into a contract as a result of the pressure of business circumstances ... is not sufficient.

*Id.* (quoting *Kewanee Prod. Credit Ass'n v. G. Larson & Sons Farms*, 496 N.E.2d 531, 534 (Ill. App. Ct. 3d Dist. 1986)) (brackets in the original). Thus, that the Agreement may have been a "take-it-or-leave-it" deal does not mean it is a contract of adhesion. *See Carbajal*, 372 F.3d at 906; *Metro East Ctr. for Conditioning & Health v. Qwest Commc'ns Int'l., Inc.*, 294 F.3d 924, 926 (7th Cir.2002). Plaintiff has not offered any evidence of fraud or other wrongdoing that would make the Agreement unenforceable under Illinois law.

*Koveleskie* flatly rejected plaintiff's contentions regarding bias in the securities industry's arbitration procedures, *Koveleskie*, 167 F.3d at 365-66, constitutional due process, *id.* at 368-69, and the enforcement of the Form U-4 arbitration provision generally, *id.* at 366-67 (collecting cases); *see also Oblix, Inc.*, 374 F.3d at 491; *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305,

306-07 (6th Cir. 1991). Plaintiff has not produced any valid reason to deny Morgan Stanley's request to compel arbitration.

      **C.**    **Relief**

The FAA commands a federal court, on the request of one of the parties, to stay proceedings where (1) the issue is referable to arbitration under an agreement in writing for such arbitration, and (2) the party applying for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991). The stay shall last "until such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C. § 3**.**

The Court finds that a stay of these proceedings pending conclusion of the arbitration proceedings is the appropriate course of action.

**III.**    **Conclusion**.

The Court **GRANTS** defendant's motion to compel (Doc. 6). The parties shall arbitrate plaintiff's claims. The Court hereby **STAYS** this matter pending conclusion of the arbitration of plaintiff's claims. The Court further **ORDERS** the parties to submit written reports on the status of arbitration 60 days from the date of the entry of this order.

    **IT IS SO ORDERED.**
    **DATED: April 11, 2007**

                                                          **s/ J. Phil Gilbert**
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**